IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Ricardo Augusto Miranda, et al.,<br><br>　　　　　　　Defendants. | No. CV-13-02319-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendant Ricardo Miranda's Motion for Disqualification of Counsel Thomas P. Riley and Request for Sanctions (Doc. 23), the Response, and the Reply. The Motion argues that Plaintiff's attorney Thomas P. Riley, who is not a member of the bar of this Court, should not have been admitted pro hac vice in this case.

Mr. Riley applied on December 10, 2013, for admission to practice pro hac vice. (Doc. 8.) He is not eligible for admission to the bar of this Court because he is not an active member in good standing of the State Bar Association of Arizona. LRCiv 83.1(a). His principal residence and law office are in South Pasadena, California. His application listed 91 other pro hac vice applications here in the last year, as required by the Local Rule. His application was granted on December 11, 2013. (Doc. 9.)

Defendant Miranda moves to disqualify Mr. Riley as counsel on the ground that his admission was contrary to Local Rule 83.1(b)(2), which states in part:

> Unless authorized by the Constitution of the United States or an Act of Congress, an attorney is not eligible to practice pursuant to this subparagraph (b)(2) if any one or more of the following apply: (i) the attorney resides in Arizona, (ii) the attorney is regularly employed in Arizona, or (iii) the attorney is regularly engaged in the practice of law in Arizona.

1. Defendant Miranda contends Mr. Riley is both regularly employed in Arizona and regularly engaged in the practice of law in Arizona. All of Mr. Riley's pro hac vice applications are for cases representing the same client. All of the actions are for money damages for interception and illegal public display of cable sports programs in violation of federal law. His practice for that client includes bringing numerous actions in the federal courts in several states. He does not have other representations in this Court, and he has not sought pro hac vice admission in the Arizona state courts.

Mr. Riley fully disclosed his prior applications, and the Court was aware of his circumstances when it granted this application and all others. The pro hac vice admission rule serves the Court's need for some oversight of attorneys who appear here, without burden on the national character of the federal courts. Local Rule 83.1(b)(2) does not, expressly or impliedly, allow opposing parties to seek revocation of an attorney's pro hac vice admission based on a complete and truthful application. Whether the Court reads its rule widely or tightly, the rule is not intended to benefit opposing parties. The attorney and his client may rely on the honest admission, once granted.

It may be different if an attorney misconducts himself in the representation or if the application was false or materially incomplete. That could be or portend harm to the opposing party. But no harm is suggested here, only a desire to obstruct the other party's representation. We do not have occasion on this motion to say whether in different circumstances an opposing party may seek revocation of pro hac vice admission.

IT IS THEREFORE ORDERED that Defendant Ricardo Miranda's Motion for Disqualification of Counsel Thomas P. Riley and Request for Sanctions (Doc. 23) is denied.

Dated this 7th day of July, 2014.

_____
Neil V. Wake
United States District Judge